PEOPLE v. FORDYCE.

1. Criminal Law—Procedural Safeguards—Self-Incrimination.

The privilege against self-incrimination is jeopardized, and procedural safeguards must be employed to protect the privilege, when an individual is taken into custody or otherwise deprived of his freedom by the authorities and is subjected to questioning (US Const, Am 5; Mich Const 1963, art 1, § 17).

2. Same—Warning—Right to Remain Silent—Self-Incrimination —Right to Counsel.

An individual who is taken into custody by the authorities must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney, one will be appointed for him prior to any questioning if he so desires.

---

References for Points in Headnotes

[1, 7] 21 Am Jur 2d, Criminal Law § 349 et seq.
Admissibility of pretrial confession in criminal case—Supreme Court cases.  12 L ed 2d 1340.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 314, 349–357, 368.
[4, 5] 21 Am Jur 2d, Criminal Law §§ 316, 357.
[6] 5 Am Jur 2d, Appeal and Error §§ 786, 883.

3. SAME—INTERROGATION—RIGHT TO COUNSEL—RIGHT TO REMAIN SILENT.

An individual detained by the authorities on suspicion of committing a crime must be afforded an opportunity to exercise his right to be advised of his right to remain silent and of his right to counsel throughout the interrogation.

4. SAME—WAIVER OF CONSTITUTIONAL RIGHTS.

An individual suspected of a crime and detained by the authorities may knowingly and intelligently waive his right to remain silent, and his right to counsel, and agree to answer questions or make a statement, only after such rights have been explained to him and an opportunity has been provided for him to exercise these rights.

5. SAME—EVIDENCE—INTERROGATION—WAIVER OF RIGHTS.

No evidence obtained as a result of interrogation can be used against an individual accused of a crime, unless and until the prosecution at trial demonstrates that the individual had been warned of his rights to remain silent and to counsel, and has knowingly and intelligently waived such rights.

6. SAME—BREAKING AND ENTERING—CONFESSION—TRUSTWORTHY EVIDENCE.

Conviction of defendant of breaking and entering in the nighttime where he was not advised of his absolute right to remain silent and of his right to counsel while he was being held after arrest and prior to judicial proceedings charging him with the crime, *held*, proper, where he was represented by counsel at trial and at preliminary examination, found guilty by trustworthy evidence, and his confession is not otherwise claimed to be an involuntary one (CL 1948, § 750.110).

7. SAME—PROCEDURAL SAFEGUARDS—PROSPECTIVE APPLICATION OF STANDARDS.

The failure to observe guidelines and procedural safeguards set forth by the United States Supreme Court of right to be advised of the right to remain silent and of the right to counsel at time of being held for investigation for crime are available only to persons whose trials had not begun as of June 13, 1966, the time case specifically setting forth such guidelines was decided.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted February 9, 1966. (Calendar No. 3, Docket No. 51,085.) Decided August 24, 1966.

.  Charles J. Fordyce was convicted of breaking and entering in the nighttime. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald L. Reisig,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*Willingham, Learned, Coté & Spanos (John L. Coté* of counsel), for defendant.

PER CURIAM.  Upon this appeal, defendant claims (1) a right to be advised of an absolute constitutional right to remain silent and (2) a right to be advised of the right to counsel at the time when he was being held after arrest and prior to judicial proceedings charging him with breaking and entering in the nighttime with intent to commit a larceny. CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305).[1] The larceny occurred about 3 a.m., September 9, 1963. Defendant was found in the building. Although Fordyce was advised any statement must be voluntary and could be used against him, he was not advised of the two rights here claimed. The police officers who apprehended him obtained oral admissions at the time of his arrest. Fordyce signed a typed confession later the same day. Except as stated above, there is no dispute as to the voluntariness of defendant's confession.

On June 13, 1966, the Supreme Court of the United States in the case of *Miranda* v. *Arizona,* 384 US 436 (86 S Ct 1602, 16 L ed 2d 694, 10 ALR 3d 974), held (pp 478, 479):

"When an individual is taken into custody or otherwise deprived of his freedom by the author-

---

.  [1] This section was amended by PA 1964, No 133, which is not applicable herein.

ities and is subjected to questioning, the privilege against self-incrimination[2] is jeopardized. Procedural safeguards must be employed to protect the privilege, and unless other fully effective means are adopted to notify the person of his right of silence and to assure that the exercise of the right will be scrupulously honored, the following measures are required. He must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires. Opportunity to exercise these rights must be afforded to him throughout the interrogation. After such warnings have been given, and such opportunity afforded him, the individual may knowingly and intelligently waive these rights and agree to answer questions or make a statement. But unless and until such warnings and waiver are demonstrated by the prosecution at trial, no evidence obtained as a result of interrogation can be used against him."

On June 20, 1966, the Supreme Court of the United States in the case of *Johnson* v. *New Jersey,* 384 US 719 (86 S Ct 1772, 16 L ed 2d 882), held that the guidelines set forth in *Miranda* are available only to persons whose trials had not begun as of June 13, 1966. Fordyce was tried in circuit court for Ingham county by jury trial beginning April 20, 1964. On April 23, 1964, the jury returned a verdict of guilty.

The Supreme Court of the United States stated in *Johnson, supra* (p 731):

"Retroactive application of *Escobedo* and *Miranda* would seriously disrupt the administration of our criminal laws. It would require the retrial or release of numerous prisoners found guilty by trustworthy evidence in conformity with previously an-

2 See US Const, Am 5, Mich Const 1963, art 1, § 17.—REPORTER.

nounced constitutional standards. Prior to *Escobedo* and *Miranda,* few States were under any enforced compulsion on account of local law to grant requests for the assistance of counsel or to advise accused persons of their privilege against self-incrimination."

In Michigan, prior to *Escobedo* v. *Illinois* (1964), 378 US 478 (84 S Ct 1758, 12 L ed 2d 977), neither of the rights contended for by defendant (to be advised of the right to remain silent and to be advised of the right to counsel) was recognized.

Fordyce was represented by legal counsel on trial and at the preliminary examination. The police officers testified he was apprehended inside a medical building when a routine inspection disclosed a breaking and entering. Following his arrest, a search of his person revealed possession of coins which Dr. B. Wayne Bingham testified came from his coin collection. The desk where the coin collection was kept had been ransacked. Fordyce's typed and signed statement contains the following questions and answers:

"*Q.* Do you realize that this statement you are about to give must be given voluntarily without having received any threats or promises from anyone?
"*A.* Yes.
"*Q.* Do you understand that the statement may be used against you in any action that may follow?
"*A.* Yes."

Fordyce was found guilty by trustworthy evidence in accordance with previously established constitutional standards. Since his case does not come within the rules announced in *Miranda,* and his confession is not otherwise claimed to be an involuntary one, there is no need to remand for de-

termination of voluntariness in accordance with *People* v. *Walker* (On Rehearing) (1965), 374 Mich 331.

Judgment affirmed.

T. M. KAVANAGH, C. J., and KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.

DETHMERS, J., did not sit.