PEOPLE *v.* BANDA.

1. CRIMINAL LAW—CONFESSIONS—STATEMENTS—WARNING OF RIGHTS.
   The rule prohibiting the introduction into evidence of confessions or inculpatory statements made by a criminal defendant prior to the time that he was warned of his constitutional rights has application only to cases where the trial commenced after June 13, 1966.

2. SAME—CONFESSIONS—VOLUNTARINESS—EVIDENCE—BURDEN OF PROOF.
   A confession is never admissible in evidence unless shown to have been made voluntarily, and the burden of proof is on the people to show that it was.

3. SAME—CONFESSIONS—VOLUNTARINESS—EVIDENCE.
   A confession is admissible in evidence in a prosecution for crime when the proofs show that the officers to whom the confession was made first advised the confessor of his rights, told him that he was under no obligation to talk at all, and cautioned him that his statements would be used as evidence against him, such being the safeguards thrown around admission into evidence of confessions to help insure their voluntary character.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 29 Am Jur 2d, Evidence §§ 523–529.
   Comment note—Necessity of informing suspect of rights under privilege against self-incrimination, prior to police interrogation. 10 ALR3d 1054.
[5] 21 Am Jur 2d, Criminal Law §§ 107, 108.
   Modern status of the rules as to voluntary intoxication as defense to criminal charge. 8 ALR3d 1236.

4. SAME—CONFESSION—VOLUNTARINESS—WARNING OF RIGHTS.

    Claim by defendant, convicted of breaking and entering, who was admittedly warned of his rights prior to making confession, that his confession was, nevertheless, inadmissible in evidence because he was below average intelligence and was either too confused or too intoxicated to understand such warning *held*, without merit, where he testified, during the course of trial, that he was sober enough to know what he was doing (CL 1948, § 750.110, as amended by PA 1964, No 133).

5. SAME—BREAKING AND ENTERING—INTOXICATION.

    Claim by defendant, convicted of breaking and entering with intent to commit larceny that the trial court committed reversible error by excluding testimony concerning his alleged drunken condition at the time of said offense *held*, without merit, where an examination of the record reveals that no such evidence was excluded by the trial court (CL 1948, § 750.110, as amended by PA 1964, No 133).

Appeal from Kent; Vander Wal (John H.), J. Submitted Division 3 March 8, 1967, at Grand Rapids. (Docket No. 1,402.) Decided August 1, 1967.

Paul Banda was convicted of breaking and entering with intent to commit larceny. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *S. J. Venema,* Assistant Prosecuting Attorney, for the people.

*Arthur H. Masterson,* for defendant.

BURNS, J. Defendant appeals from a conviction of breaking and entering a gasoline station with intent to commit larceny.[1] On appeal, court-appointed counsel raises 2 issues:

---

[1] CL 1948, § 750.110 as amended by PA 1964, No 133 (Stat Ann 1965 Cum Supp § 28.305).

"1. Did the court err in holding that the confession was voluntarily made and properly admitted?

'2. Did the court err in refusing to allow testimony concerning the drunken condition of the respondent?"

The trial court conducted a separate hearing, out of the presence of the jury, to determine the voluntary or involuntary nature of defendant's admission. At said hearing (and at the trial which ensued thereafter) police officers testified that on April 15, 1965, the window of a Grand Rapids gasoline service station had an opening which was large enough for a man to conveniently enter and that through this opening they observed and apprehended the defendant who was in possession of certain merchandise which belonged to the station. Inasmuch as defendant had cuts on his hands which required medical attention, defendant was taken to a hospital. The defendant himself admitted that at the hospital the police advised him of his constitutional rights, *i.e.,* that he had a right not to say anything, that if he did say anything it would be held against him and that he could have a lawyer if he wanted one. Notwithstanding this advice, he told the police that he had gone into the service station for money.

Defendant contends that the above advice given to insure a voluntary statement did not comply with the requirements of *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L ed 2d 694). The trial of defendant's case began and ended on September 2, 1965. *Miranda, supra,* was decided June 13, 1966, and has not been given retroactive application.[2] Therefore, *Miranda, supra,* does not control the outcome of this issue.

---

[2] *Johnson* v. *New Jersey* (1966), 384 US 719 (86 S Ct 1772, 16 L ed 2d 882); *People* v. *Fordyce* (1966), 378 Mich 208.

In disposing of the first issue we adopt the persuasive language of *People* v. *Zeigler* (1960), 358 Mich 355, where on page 364 the Court said:

"Proof of confession is never admissible unless shown to have been made voluntarily, and the burden of proof is on the people to show that it was. *People* v. *Brockett* (1917), 195 Mich 169. Confessions have been held to have been made voluntarily and to be admissible, as in *People* v. *Simpson* (1882), 48 Mich 474; *People* v. *Parsons* (1895), 105 Mich 177; and *People* v. *Rubel* (1922), 221 Mich 142, when the proofs showed that the officers to whom the confessions were made first advised the confessor of his rights, told him that he was under no obligation to talk at all and cautioned him that his statements would be used as evidence against him.  *  *  *

"Such are the safeguards thrown around admission into evidence of confessions, to help insure their voluntary character."

Counsel for defendant on appeal argues that the admitted explanation of rights to the accused was meaningless because the defendant had a below average intelligence quotient and was either confused or intoxicated. However, these alleged facts are not borne out by the testimony offered at the separate hearing for determining whether his admission was voluntary. The defendant testified at said hearing that the police officers informed him of his constitutional rights. During the course of the trial defendant testified that he was sober enough to know what he was doing. Since defendant does not claim that the prosecution failed to sustain its burden of proof in any other respect at the separate hearing, we hold that the trial court did not err in admitting defendant's oral admission.

The second issue pertaining to evidence of drunkenness is completely without merit because the transcript of the trial contains no indication that the

trial court excluded testimony concerning the drunken condition of the defendant.

Affirmed.

FITZGERALD, P. J., and HOLBROOK, J., concurred.