PEOPLE *v.* TAYLOR.

CRIMINAL LAW—RIGHT TO COUNSEL—ADVICE—EFFECTIVE DATE.
  Right of defendant charged with armed robbery to be advised of his right to have an attorney appointed before giving a statement to the police does not apply to defendants whose trials commenced before June 13, 1966, and an argument based solely on a violation of that right is not grounds for reversal where defendant's trial commenced June 8, 1966 (CLS 1961, § 750.529).

---

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 614.

Appeal from Recorder's Court of Detroit; Scallen (John P.), J.   Submitted Division 1 December 7, 1967, at Detroit.   (Docket No. 2,551.)   Decided March 28, 1968.

Donald Taylor was convicted of robbery armed. Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Edward P. Echlin,* for defendant on appeal.

McGREGOR, J.   This appeal is from a conviction of armed robbery* following a nonjury trial in recorder's court of Detroit.   On March 6, 1966, a taxicab driver called in to his dispatcher that he had been robbed of cash and a money changer at knife-point in his cab by a person of undetermined sex, wearing a blonde wig and a woman's coat.   Within a few minutes, the defendant was found by the police hiding in a basement entryway of an apartment building to which the assailant was observed to flee after the encounter in the taxicab.   The defendant was wearing a blonde wig and a woman's coat.   The defendant undisputedly had the cab driver's money changer with him at the time.   The defendant was taken to the police station, given a police written statement as to his rights, and asked if he wanted an attorney.   He related his version of the incident to the interrogation officer.   Later, the driver of the cab picked the defendant out of a police lineup.

At the trial on June 8, 1966, the defendant admitted having the cab driver's money changer, but

---

* CLS 1961, § 750.529 (Stat Ann 1968 Cum Supp § 28.797).

denied taking any paper money. The defendant related that he was a male prostitute and had taken the cab driver's money only as compensation for immoral conduct performed at the behest of the cab driver. Except for the admission of being a male prostitute, this narrative was essentially the same story he had given to the police interrogator. The trial judge as a trier of fact found the defendant guilty of armed robbery. Sentence was entered on June 22, 1966.

On appeal, the factual determination of the trial court is not challenged. What is challenged is the manner in which the defendant was advised of his right to counsel before giving a statement to the police. The defendant argues that the rules under *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974) should be applied in this case, whereby the defendant should have been advised of his right to have an attorney appointed before questioning if he were indigent. It is conceded that *Johnson* v. *New Jersey* (1966), 384 US 719 (86 S Ct 1772, 16 L Ed 2d 882) and *People* v. *Fordyce* (1966), 378 Mich 208, ruled that *Miranda* was not controlling on trials commencing before June 13, 1966, (five days after this trial began); however, the defendant argues that, logically, what was constitutionally wrong after June 13, 1966, was also wrong on June 8, 1966.

This Court finds it unnecessary to determine if what was constitutionally wrong after June 13, 1966, was also logically wrong on June 8, 1966; it is also unnecessary for this Court to determine if under the facts of this case a reversal would be in order if the trial had commenced after June 13, 1966. A determination was made in *Johnson* v. *New Jersey, supra,* and *People* v. *Fordyce, supra,* that the effec-

tive date of the *Miranda* rules would be for trials commencing after June 13, 1966. An argument based solely on a violation of the *Miranda* guidelines is not grounds for reversal for trials commenced before June 13, 1966.

Affirmed.

LESINSKI, C. J., and FITZGERALD, J., concurred.