## PEOPLE *v.* SHIRK

### OPINION OF THE COURT

1. CRIMINAL LAW—TRIAL—EVIDENCE—DUE PROCESS—CONFESSION OF CO-DEFENDANT.

   A defendant in a criminal case is denied due process of law if the trial court allows in evidence a confession made by a co-defendant that in any way implicates the defendant on trial.

2. SAME—TRIAL—EVIDENCE—DUE PROCESS—CONFESSION OF CO-DEFENDANT—APPEAL AND ERROR.

   Denial of a new trial to a criminal defendant at whose trial a confession of a co-defendant which implicated him was admitted in evidence *held,* proper where defendant was represented by counsel at all stages of the proceedings and no objection to this evidence was made at trial.

### DISSENTING OPINION

### T. G. KAVANAGH, J.

3. CRIMINAL LAW—TRIAL—EVIDENCE—DUE PROCESS—CONFESSION OF CO-DEFENDANT—APPEAL AND ERROR.

   *Failure by a defendant in a criminal case to object at his trial to the introduction in evidence of a confession made by a co-defendant which implicated him should not be grounds for denying defendant a new trial when the United States Supreme Court overruled previous authority and held such confessions inadmissible after the trial in question took place, and then made the ruling retroactive and applicable to the states.*

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 29 Am Jur 2d, Evidence § 539 *et seq.*
Admissibility of statements of coconspirators made after termination of conspiracy and outside accused's presence.  4 ALR3d 671.

Appeal from Oakland, Dondero (Stanton G.), J. Submitted on remand Division 2 July 24, 1968, at Lansing. (Docket No. 33.) Decided December 2, 1968. Leave to appeal granted February 20, 1969. 381 Mich 804.

Richard Harvey Shirk was convicted of first-degree murder. Defendant appealed to Court of Appeals. Affirmed. Defendant appealed. Remanded to Court of Appeals for further consideration. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Douglas W. Booth,* for defendant on appeal.

J. H. GILLIS, J. The facts in the instant case are set forth in the Court's opinion in *People* v. *Shirk* (1968), 10 Mich App 121. An application for leave to appeal our decision in the instant case was filed in the Michigan Supreme Court. By order entered July 24, 1968, the Supreme Court remanded this case to our Court for further consideration in light of *Bruton* v. *United States* (1968), 391 US 123 (88 S Ct 1620, 20 L Ed 2d 476) and *Roberts* v. *Russell* (1968), 392 US 293 (88 S Ct 1921, 20 L Ed 2d 1100).*

In the *Bruton Case* the majority opinion expressly overruled *Delli Paoli* v. *United States* (1957), 352 US 232 (77 S Ct 294, 1 L Ed 2d 278), which we had cited in our prior decision. The *Bruton Case* held that it was reversible error to allow into evidence a confession of a co-defendant that implicates a

---

* See 381 Mich 764.

defendant in any way. This holding was made retroactive and applicable to the states in *Roberts* v. *Russell, supra.*

In the case at bar the confession of a co-defendant, Gerald MacKay, was introduced into evidence. The confession admittedly implicated defendant Shirk.

It is undisputed that defendant Shirk made no objection at trial to the introduction into evidence of the co-defendant's confession. We are, therefore, asked to review the facts of the instant case to determine if circumstances were present which would justify our consideration of an error not raised before the trial court. See *People* v. *Farmer* (1968), 380 Mich 198, where the Michigan Supreme Court addressed itself to this very question. In the *Farmer Case* defendant sought to have the Supreme Court apply its doctrine as set forth in *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331, to his trial which took place in 1958. Admittedly the *Walker Case* was given retroactive effect by the Michigan Supreme Court pursuant to the mandate expressed in *Jackson* v. *Denno* (1964), 378 US 368 (84 S Ct 1774, 12 L Ed 2d 908, 1 ALR 3d 1205). In the *Farmer Case* our Supreme Court stated:

"While the rule announced in *Walker* was made retroactive, it does not follow that in every trial prior to *Walker* in which a confession was admitted in evidence a defendant is now automatically entitled to a *Walker*-type hearing. See, for example, *People* v. *Fordyce* (1966), 378 Mich 208.

"Under normal appellate procedures, since defendant was represented by counsel at all stages of the proceeding in which he was entitled to such representation and no claim of inadmissibility was raised, there would be no assignment of error for

an appellate court to review. This would end our consideration of the case." *People* v. *Farmer, supra,* at p 205.

For this reason, we again affirm the conviction.

McGregor, J., concurred with J. H. Gillis, J..

T. G. Kavanagh, P. J. (*dissenting*). Richard Harvey Shirk has been denied a fair trial, I now believe for two reasons. My original dissent sets out the first. *Bruton* v. *United States* (1968), 391 US 123 (88 S Ct 1620, 20 L Ed 2d 476) emphasizes the second. There, the United States Supreme Court decided that admission of a confession implicating a co-defendant, where the confessor then refuses to testify, denies the other defendant his constitutional right to confront the witnesses against him.

My colleagues, by denying Shirk relief here because of his failure to make what, at the time of his trial, would have been a fruitless objection, are demanding of him the foresight to insist on a theory of exclusion heretofore rejected. See *Delli Paoli* v. *United States* (1957), 352 US 232 (77 S Ct 294, 1 L Ed 2d 278). Nothing indicates that Bruton had preserved the question by objecting, and in my opinion we should not deny Shirk his constitutional rights on such a thin, technical thread.

I would reverse the conviction and remand the case for a new trial.