PEOPLE *v.* HOSACK

1. Criminal Law—Complaint—Personal Knowledge.

A criminal complaint made under oath may not be impeached by evidence that the complainant did not have personal knowledge, and a complaint charging assault with intent to commit rape is not invalid because signed by a police officer rather than by the victim (CLS 1961, § 750.85).

2. Criminal Law — Trial — Confession — Admissibility — Disclosure.

Disclosure by the prosecution on rebuttal of a confession is prejudicial error, if the confession was inadmissible because it was involuntary.

Appeal from Kalamazoo, Wade Van Valkenburg, J. Submitted Division 3 February 11, 1969, at Grand Rapids. (Docket No. 1,539.) Decided March 26, 1969.

Harry Hosack was convicted of assault with intent to commit rape. Defendant appeals. Remanded for further proceedings.

---

References for Points in Headnotes

[1] 5 Am Jur 2d, Arrest § 12 *et seq.*
[2] 29 Am Jur 2d, Evidence § 526 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Dennis S. McCune,* Assistant Prosecuting Attorney, for the people.

*Harry Hosack, in propria persona.*

BEFORE: LEVIN, P. J., and HOLBROOK and DANHOF, JJ.

PER CURIAM. Defendant appeals from his jury conviction of the crime of assault with intent to commit rape. CLS 1961, § 750.85 (Stat Ann 1962 Rev § 28.280).

The prosecution introduced evidence showing that the defendant after gaining admittance to the house of the complaining witness on the pretext of wanting to make a telephone call, and using the telephone directory, grabbed her and started to drag her upstairs. The daughter of the complaining witness came into the house in response to her mother's screams, and in the commotion following, the victim was able to free herself and run from the house. The intent and purpose of defendant was clear from what he said to the complaining witness and his threats against her life.

Defendant's appeal raises 12 questions. We will consider those we deem of sufficient substance.

Defendant's second question involves the sufficiency of the complaint. He asserts that because it was signed by a police officer, Riley Stewart, and not the complaining witness, it was not a valid complaint and the proceeding is void. We find that this claimed error is untenable, for a complaint made under oath may not be impeached by evidence that the complainant did not have personal knowledge. *People* v. *Davis* (1955), 343 Mich 348.

Defendant's fourth question pertains to the failure of the prosecutor to call a neighbor boy as a witness, after listing him on the information, and stating in the opening statement that he would be called. We find no error because the boy was not a *res gestae* witness and defendant did not ask for him to be called.

As to the claimed error in defendant's ninth question, a review of the charge given by the trial court in the case reveals that the jury was properly instructed on the presumption of innocence and the burden of proof.

Issues raised in questions 1, 3, 7 and 8 will be considered together. They pertain to the confession or statement given by the defendant while in custody to a police officer. The prosecutor mentioned the alleged confession in his opening statement. During the trial the court heard testimony of Detective Dykehouse concerning the voluntariness of the confession, which was taken in the absence of the jury. The court considered it to be a borderline case and decided not to let it be admitted in evidence. The defendant took the stand in his defense and when he denied that it was his intention to rape complainant, he was then asked "so if Detective Dykehouse would testify as such, he would be mistaken?" Detective Dykehouse was then called as a rebuttal witness, and permitted to testify to the conversation he had with the defendant, *i.e.,* that defendant said that it was his intention to rape the complainant when he was dragging her upstairs.

The Federal cases of *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974), and *Escobedo* v. *Illinois* (1964), 378 US 478 (84 S Ct 1758, 12 L Ed 2d 977), pertaining to confessions are considered in disposing of the claimed error committed in the prosecution's reference to

the admission in the opening statement, the permitting of cross-examination of defendant concerning the confession, and permitting the officer to testify concerning the statement in rebuttal. The instant trial was commenced and completed on July 22, 1965. As determined in the case of *Johnson* v. *New Jersey* (1966), 384 US 719 (86 S Ct 1772, 16 L Ed 2d 882) *Escobedo, supra,* was applicable to all trials commenced after June 22, 1964, and *Miranda, supra,* was applicable to all trials commenced after June 13, 1966. Therefore, *Miranda* is not applicable, but *Escobedo* is applicable herein.

If the confession was properly determined to be inadmissible because it was involuntary, its disclosure on rebuttal was prejudicial error.

At the time of the ruling by the trial court as to the voluntariness of the statement or confession the meaning of *Escobedo, supra,* had not been interpreted in Michigan. Subsequently, the cases of *People* v. *Fordyce* (1966), 378 Mich 208, and *People* v. *Griffin* (1966), 4 Mich App 604, were decided.

We determine that it is proper to release our jurisdiction of the cause and direct the circuit court for Kalamazoo county to take jurisdiction and make a determination upon a proper record upon the issue of voluntariness of the confession in light of *People* v. *Fordyce, supra,* and *People* v. *Griffin, supra.* At this hearing, the defendant may take the stand and testify for the limited purpose of making a record of his version of the facts and circumstances under which the confession was obtained. The defendant by so doing does not waive his right to decline to take the stand, if retrial is ordered. Neither shall he waive any of his other rights flowing from his choice not to testify. If the trial judge, on the basis of the separate hearing and record made, determines that the confession was involuntarily

given, defendant will thereupon be granted a new trial. If he determines that the confession was voluntarily given, and thus admissible in evidence, defendant will have been afforded a fair trial without prejudicial error.

Other questions presented by defendant were not raised in the trial court and preserved for review or are not considered of such merit to require detailed discussion in this opinion.

This cause is remanded to the circuit court for Kalamazoo county for the further proceedings herein directed.