PEOPLE *v.* SUCHODOLSKI

1. CRIMINAL LAW—CONFESSIONS—VOLUNTARINESS—EVIDENCE.
   Although the Michigan Supreme Court made the evidentiary hearing rule regarding the voluntariness of confessions retroactive, it does not follow that every defendant whose confession was introduced at trial before that evidentiary rule decision is now automatically entitled to such an evidentiary hearing where the circumstances of his arrest and interrogation do not warrant such a hearing.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 29 Am Jur 2d, Evidence § 590.
[3] 5 Am Jur 2d, Arrest § 25.
[4, 5, 6] 5 Am Jur 2d, Arrest §§ 44, 45, 48.
[7] 5 Am Jur 2d, Arrest § 71.

2. Criminal Law—Confession—Voluntariness—Evidence.

A hearing to determine the voluntariness of defendant's confession, made before the Michigan Supreme Court decision requiring an evidentiary hearing regarding the voluntariness of a confession, was not warranted where defendant was arrested and immediately taken to the police station, was informed that he didn't have to say anything if he didn't want to, was asked if he cared to tell what happened "the day of the fight," the defendant thereupon narrated the events implicating him in the beating death of the victim, and there was no intimation or suggestion of any coercion being used by police officers to elicit his confession.

3. Arrest—Without Warrant—Felony—Probable Cause—Police Officer.

A police officer may arrest a person without a warrant, when a felony has in fact been committed, and the officer has reasonable cause to believe that such person has committed it (MCLA § 764.15)..

4. Arrest—Without Warrant—Probable Cause—Circumstances of Arrest.

Probable cause to arrest without a warrant is measured by the circumstances existing at the time of the arrest.

5. Arrest—Without Warrant—Probable Cause—Circumstances of Arrest.

Probable cause existed for defendant's arrest without a warrant where a homicide had occurred in an apartment building before defendant was arrested, the arresting officers were aware that defendant was a frequent visitor to the victim's apartment, that defendant had been seen at the victim's apartment before his death, that defendant had been seen driving the victim's car shortly after having been seen with the victim in the victim's apartment, and that defendant had tried to avoid the police at the time of his arrest.

6. Arrest — Without Warrant — Evidence — Probable Cause — Flight.

Flight of a suspect is an important circumstance in the knowledge of a police officer, tending to justify arrest without a warrant.

7. Arrest—Without Warrant—Cause of Arrest—Sufficiency.

Advising a felony suspect that he was under arrest for investigation, although not complying with the statutory mandate

that an officer, arresting a suspect without a warrant, shall inform the suspect of his authority and the cause of the arrest, sufficiently informed defendant through those words and the circumstances of his arrest, that he had been apprehended and arrested and was not such error as to taint defendant's subsequent prosecution (MCLA § 764.19).

Appeal from Superior Court of Grand Rapids, Claude Vander Ploeg, J. Submitted December 3, 1969, at Grand Rapids. (Docket No. 3,942.) Decided March 23, 1970.

Stanley J. Suchodolski was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, *S. J. Venema,* Chief of Appellate Division, and *Robert J. Stephan,* Assistant Prosecuting Attorney, for the people.

*Robert J. DeBoer,* for defendant on appeal.

Before: J. H. Gillis, P. J., and McGregor and Quinn, JJ.

McGregor, J. On November 26, 1959, the badly beaten body of Robert Johnson was found in the bathtub of his apartment. The medical examiner was unable to give the exact date of death, other than that it occurred between November 12 and 20. After police officers visited the victim's apartment, on November 26, they proceeded to a woman's apartment where the defendant was visiting. The woman informed the officers that the defendant was in her apartment. After defendant noticed the police officers, it is disputed whether he ran to another room in the apartment, or said for the officers

to wait and then went to another part of the apartment. It was then that one of the officers pursued the defendant into the bedroom and discovered that he was holding a billfold containing the driver's license of the victim. Defendant was arrested and searched, which search yielded the billfold belonging to the victim, $800 in cash, and two key rings containing the keys to the victim's apartment and his automobile. In the pocket of a coat lying in the apartment were found three bank books belonging to the deceased. The woman house-owner did not object to the search.

Defendant was tried before a jury for the murder of the victim. At trial, the articles taken from defendant at the time of his arrest were admitted into evidence. Defense counsel made no objection to their admission at trial, but prior to trial a motion made by defense counsel for suppression of this evidence had been denied by the trial court.

At trial, the court sustained defense counsel's objection to the admission of defendant's written statement, although testimony relating to incriminating statements made by defendant to police officers while in custody was admitted into evidence. Defendant appeals his conviction of second degree murder.*

Defendant contends that under *Jackson* v. *Denno* (1964), 378 US 368 (84 S Ct 1774; 12 L Ed 2d 908), and *People* v. *Walker* (1965), 374 Mich 331, it was the duty of the judge to determine the issue of voluntariness of his confession, and that it constituted reversible error to submit that issue to the jury. While we realize the rule in *Walker*, *supra*, was retroactive, the Michigan Supreme Court said, in *People* v. *Farmer* (1968), 380 Mich 198, 205:

* CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549).

"While the rule announced in *Walker* was made retroactive, it does not follow that in every trial prior to *Walker* in which a confession was admitted in evidence a defendant is now automatically entitled to a *Walker*-type hearing. See, for example, *People* v. *Fordyce* (1966), 378 Mich 208."

We must examine the circumstances to determine if the defendant falls within the rule in *Farmer, supra,* and *Fordyce, supra.* In *Fordyce,* the defendant was not entitled to a *Walker* hearing; his confession was claimed to be involuntary only on the grounds that the defendant (1) was not advised of an absolute constitutional right to remain silent, and (2) was not advised of the right to counsel at a time when he 'was being held after arrest and prior to judicial proceedings, since prior to *Escobedo* v. *Illinois* (1964), 378 US 478 (84 S Ct 1758; 12 L Ed 2d 977), and *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974), these rights did not apply in Michigan.

The circumstances herein do not warrant a *Walker* hearing. The defendant was arrested and immediately taken to the police station. He was informed that he did not have to say anything if he didn't want to, and was asked if "he would care to tell us about what happened the day of the fight." He thereupon proceeded to relate, basically in narrative form, the events which implicated him. There is no intimation or suggestion of any coercion being used by police officers to elicit the confession.

Defendant asserts that he was not specifically told that the police were interrogating him for the murder of the deceased, since when he was arrested he was told that he was "under arrest for investigation." Examination of the record reveals that defendant was cognizant of the circumstances and

charges at the time of his confession. In fact, the police, albeit after the confession was given, asked the defendant if he knew the victim was dead, to which he allegedly replied, "I didn't know that he was dead, but I figured he was, the way you fellows talked."

Defendant also asserts that there was no probable cause to arrest him according to the statute. A police officer may arrest someone without a warrant, when a felony has in fact been committed, and the officer has reasonable cause to believe that such person has committed it. The arresting officer's belief that probable cause exists is measured by the circumstances existing at the time of the arrest. *Beck* v. *Ohio* (1964), 379 US 89 (85 S Ct 223; 13 L Ed 2d 142). See *People* v. *Ward* (1924), 226 Mich 45, and *Hammitt* v. *Straley* (1953), 338 Mich 587.

The facts reveal that the officer had probable cause to arrest this defendant. The police officers were aware of the homicide occurring in the apartment building where defendant was subsequently arrested; the officers were aware that defendant was a frequent visitor to the victim's apartment and had been informed by the victim's neighbor that he had seen the defendant at the deceased's apartment several days prior to November 20th. The police were also aware that the defendant had been seen driving the victim's car shortly after having been seen with the deceased, in the deceased's apartment. When the police officers arrived at the apartment where defendant was arrested, the defendant apparently tried to avoid the police. The defendant's version was that, upon seeing the police, he said, "Wait a minute," and went to another part of the apartment. The police version was to the effect that defendant ran to the rear of the apart-

ment upon seeing the police. The police also allege that defendant was apprehended in the rear room and that, upon being escorted to the front door, the defendant attempted to give $800 in cash, in large bills, to another party, saying, "Here, this is yours." This person allegedly replied, "They are not mine, I never saw it before." In 5 Am Jur 2d, Arrest, § 45, p 737, it is stated:

"Flight of a suspect is an important circumstance in the knowledge of the officer, tending to justify arrest without a warrant."

We find that, from the facts set forth and the reasonable inferences to be drawn from the information known, probable cause existed for the defendant's arrest. *People* v. *Harper* (1962), 365 Mich 494, 500.

Defendant argues that his arrest was unlawful because he was not informed of the charge against him, pursuant to CL 1948, § 764.19 (Stat Ann 1954 Rev § 28.878).

"When arresting a person, without a warrant, the officer making the arrest shall inform the person arrested of his authority and the cause of the arrest."

When defendant was arrested, he was advised that he was under "arrest for investigation." Although the arresting officer did not comply with the mandate of the statute, the defendant herein was, through those words and the circumstances surrounding the arrest, sufficiently informed that he had indeed been apprehended and arrested. *People* v. *Wolfe* (1967), 5 Mich App 543, 552. In any event, any error here committed was not such as to taint the subsequent prosecution.

We have examined the other errors claimed by defendant and are persuaded that there has been no miscarriage of justice.

Affirmed.

All concurred.