PEOPLE *v.* BRAUILLET

CRIMINAL LAW—CONFESSION—ASSISTANCE OF COUNSEL—PROCEDURAL
SAFEGUARDS—PROSPECTIVE APPLICATION OF GUIDELINES—EVIDENCE.
Confession by defendant, obtained after he was asked if there
was anyone he would like to call and he indicated there was
but he did not know whom to call and made no move to do
so, does not require reversal, where the confession was not
introduced in evidence, its existence was not mentioned in
the jury's presence, all of the evidence was circumstantial,
and none of the evidence was obtained as a result of the
confession and where he was convicted before June 13, 1966,
because the guidelines set forth by the United States Su-
preme Court on that date are available only to persons whose
trials had not then begun.

Appeal from Livingston, Michael Carland, · J.
Submitted Division 2 June 18, 1970, at Lansing.
(Docket No. 8,828.)   Decided August 4, 1970.

Carl Roy Brauillet was convicted of breaking and
entering.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Thomas Kizer, Jr.,*
Prosecuting Attorney, and *A. John Pikkarainen,*
Assistant Prosecuting Attorney, for the people.

*Richard R. Robinson,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 309–317.
29 Am Jur 2d, Evidence § 555 *et seq.*

Before: FITZGERALD, P. J., and R. B. BURNS and DANHOF, JJ.

PER CURIAM. Carl Roy Brauillet was arrested and charged with breaking and entering in the nighttime with intent to commit a felony.* Following his arrest, he was taken by officers to the State Police Post at Brighton, Michigan. The Howell police chief requested a state trooper to question defendant to determine if he was involved in the breaking and entering. Defendant indicated that he was reluctant to discuss the matter.

He was informed of the nature of the investigation, that anything he might say could be used against him, and that he had a right to have counsel present. Upon being asked if there was anyone (counsel) that he would like to call, Brauillet indicated that there was. He didn't know whom to call and made no move to use the telephone.

Defendant and the trooper continued to talk, but the content of their conversation does not appear on the record. Defendant apparently made some incriminating statements, and the people intended to use these at trial (they filed a notice of intent to do so on March 7, 1966). They were not, however, used in evidence or even mentioned in the presence of the jury.

The trial commenced in January, 1966, and defendant was convicted by a jury on March 14, 1966. He was sentenced to a term of from five to ten years in the state prison on March 31, 1966.

Defendant contends that he was never advised that he could stop the interview that was conducted by the police officers. *Miranda* requires that the inter-

---

* CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305). The requirements that the offense be committed "in the nighttime" was deleted by PA 1964, No 133. See now MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305).

view must be stopped at any stage where the accused indicates he desires the presence of an attorney. If this requirement is not complied with, "no evidence obtained as a result of interrogation can be used against him". The confession here was not introduced into evidence nor was its existence even mentioned in the jury's presence. All of the evidence was circumstantial and none of it was obtained as a result of the alleged illegal confession.

The guidelines set forth in *Miranda* are available only to persons whose trials had not begun as of June 13, 1966. *Johnson* v. *New Jersey* (1966), 384 US 719 (86 S Ct 1772, 16 L Ed 2d 882). Michigan acknowledged this rule in *People* v. *Fordyce* (1966), 378 Mich 208.

The allegedly incriminating statements were not introduced into evidence and defendant can claim no benefit from *Miranda*.

Affirmed.