PEOPLE *v.* GULLEY

1. ARREST—PROBABLE CAUSE—CIRCUMSTANCES OF ARREST.

Probable cause existed for the defendant's arrest without a warrant where the defendant and a companion were seen walking together a few blocks from the scene of a break-in shortly after the break-in had occurred; the police had a description that one of the participants in the crime was wearing a black leather jacket, the defendant was wearing such a jacket, the defendant and his companion admitted having been together, and the defendant, who was breathing hard, denied that he had been running, but when a police officer placed his hand on the defendant's chest and felt a rapid heartbeat, the defendant admitted he had been running.

2. BURGLARY—BREAKING—FORCE.

Only the slightest force is necessary to constitute a breaking.

3. BURGLARY—BREAKING—FORCE—EVIDENCE.

Testimony by an eyewitness to the breaking and entering with which the defendant was charged that he saw the door forced open by either both the defendant and his companion or one of the men alone pushing the door was sufficient to create a question of fact whether there had been a breaking.

Appeal from Recorder's Court of Detroit, Robert E. DeMascio, J. Submitted Division 1 September 22, 1970, at Detroit. (Docket No. 8,369.) Decided December 2, 1970.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arrest §§ 22–51.
[2, 3] 13 Am Jur 2d, Burglary §§ 8–26.

Lawrence Gulley was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, *Thomas R. Lewis,* Assistant Prosecuting Attorney, for the people.

*Gragg & Gardner* (by *Elliott S. Hall*), for defendant on appeal.

Before: V. J. Brennan, P. J., and Levin and O'Hara,* JJ.

O'Hara, J. Defendant, along with a codefendant, William Cartwright, was tried and convicted by a jury of breaking and entering with intent to commit larceny. MCLA § 750.110 (Stat Ann 1970, Cum Supp § 28.305). All of the pertinent facts of this case are set forth in the recent opinion of this court on the appeal of the codefendant. *People* v. *Cartwright* (1970), 26 Mich App 687.

Defendant's first contention on appeal is that officers lacked probable cause to arrest him. The record shows that police officers observed Gulley and Cartwright walking together a few blocks from the scene of a break-in a short time after it had occurred. The participants in the break-in had been pursued by another police officer who had radioed a description specifying that one participant was wearing a black leather jacket. Defendant Gulley was wearing such a jacket. When ap-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

proached by the police, Gulley and Cartwright admitted having been together. Gulley was breathing hard but in response to an officer's question denied that he had been running. The officer placed his hand on defendant's chest and felt a rapid heartbeat. Gulley then admitted that he had been running. We believe that these facts constitute the minimum requisites for probable cause to arrest. *People* v. *Suchodolski* (1970), 22 Mich App 389.

Defendant further contends that there was not sufficient evidence for the jury to find a breaking. Only the slightest force is necessary to constitute a breaking. *People* v. *Davis* (1970), 22 Mich App 70. An eyewitness testified that the door was forced open by one or both of the men pushing it. The question whether there was a breaking was a question for the jury to resolve, which they did. *People* v. *Garrett* (1969), 17 Mich App 69.

Affirmed.

All concurred.