PEOPLE *v.* WILLIE C. WILLIAMS

PEOPLE *v.* VIRGIL J. WILLIAMS

1. Criminal Law—Appeal and Error—Court of Appeals—Review of Guilt Determination.

   The Court of Appeals may not set aside a jury determination of guilt where there is sufficient evidence of guilt beyond a reasonable doubt.

2. Criminal Law—Jury—Function of Jury.

   The jury is the sole judge of the facts in a criminal prosecution and the appellate court cannot interfere with its exercise of that right.

3. Criminal Law—Presence at Trial of Witnesses Indorsed on Information.

   Due diligence must be shown by the prosecutor in producing witnesses indorsed on the information (MCLA § 767.40).

4. Criminal Law—Witness Indorsed on Information—Failure to Produce—Objection—Appeal and Error.

   An assertion of error in failure to produce a witness indorsed on the information is not saved for review where no objection is raised at trial and the witness was not a *res gestae* witness.

5. Criminal Law—Instructions to Jury—Charge as Whole.

   The correctness of the charge cannot be tested by taking particular parts, but must be taken as a whole.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J.   Submitted Division 1 November 10,

References for Points in Headnotes

[1, 2]   5 Am Jur 2d, Appeal and Error § 883.
[2]   47 Am Jur 2d, Jury §§ 3, 14.
[3, 4]   39 Am Jur, New Trial § 38.
[4]   5 Am Jur 2d, Appeal and Error § 545.
[5]   53 Am Jur, Trial § 842.

1970, at Detroit. (Docket Nos. 8332, 8352.) Decided December 4, 1970.

Willie C. Williams and Virgil J. Williams were convicted of unarmed robbery. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, *Thomas R. Lewis,* Assistant Prosecuting Attorney, for the people.

*Plunkett, Cooney, Rutt & Peacock* (by *John F. Potvin*), for defendant Willie C. Williams on appeal.

*Ostrowski, Wilson & Belanger,* for defendant Virgil J. Williams on appeal.

Before: McGREGOR, P. J., and HOLBROOK and O'HARA,* JJ.

PER CURIAM. The people allege that as the complainant, Perlie Jackson, was returning to her apartment, defendants approached the complainant, twisted her arm, and took her handbag containing $9.20.

A jury found defendants guilty of the unarmed robbery of Perlie Jackson on March 11, 1969.[1]

There are three issues presented to this Court on appeal. First, whether there was sufficient credible evidence upon which the jury could find defendants guilty of unarmed robbery beyond a reasonable doubt.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA § 750.530 (Stat Ann 1954 Rev § 28.798).

Mrs. Jackson, the complainant, described the assault and the purse snatching. She personally identified only defendant Willie Williams because the other assailant assaulted her from behind. However, an eyewitness, George Nebles, identified defendant Virgil Williams as being the other participant.

Where there is sufficient evidence of guilt beyond a reasonable doubt, and the jury believes it, this Court may not set aside that determination. *People* v. *Paugh* (1949), 324 Mich 108; *People* v. *Fred W. Thomas* (1967), 7 Mich App 519. The jury is the sole judge of the facts and the appellate court cannot interfere with their exercise of that right. *People* v. *McIntosh* (1967), 6 Mich App 62; *People* v. *Miller* (1942), 301 Mich 93.

The second issue discussed is whether the defendants were prejudiced by their counsel's waiver of detective Provencal as a witness.

The general rule on this matter is stated in MCLA § 767.40 (Stat Ann 1970 Cum Supp § 28.980):

"All informations shall be filed   *   *   *   by the prosecuting attorney of the county as informant; he shall indorse thereon the names of the witnesses known to him at the time of filing the same."

The prosecutor must also show due diligence in producing witnesses indorsed on the information. *People* v. *Zabijak* (1938), 285 Mich 164; *People* v. *Kern* (1967), 6 Mich App 406. However, in *People* v. *Hosack* (1969), 16 Mich App 552, this Court held that failure of the prosecutor to call a witness, after listing him on the information, was not error where the witness was not a *res gestae* witness and defendant did not ask for him to be called.

Here, defendants specifically waived production of detective Provencal. Therefore, the holding in

*People* v. *Hosack* would apply to the case at bar in view of this Court's decision in *People* v. *Tiner* (1969), 17 Mich App 18. There, the defense did not object at trial to the failure of the prosecution to present an indorsed witness. The Court held that the issue is not saved for review where no objection is raised at trial. *People* v. *Gibson* (1931), 253 Mich 476; *People* v. *Woods* (1966), 5 Mich App 356.

It should also be noted that since detective Provencal was not an eyewitness to the robbery his absence was not reversible error.

The third issue is whether the trial court erred in its charge by chronologically citing the two possible guilty verdicts before the possible verdict of not guilty. Defendant is confused, for he asserts that in instructing concerning possible verdicts the judge should have instructed concerning presumption of innocence. In the trial judge's instructions he properly instructed on the presumption of innocence of defendant. The instructions on possible verdicts were only a small portion of the entire charge, and as given were proper.

"This court has repeatedly held that we must take the whole charge together in construing it, and that its correctness cannot be tested by taking particular parts thereof." *People* v. *Williams* (1919), 208 Mich 586, 591.

Affirmed.