### PEOPLE v. SHUCK

CRIMINAL LAW—INSTRUCTION TO JURY—"NOT GUILTY" VERDICT.
  Trial court's instruction to the jury that they could not return
  a general verdict of "not guilty" and that a verdict of not
  guilty would not be accepted by the court in absence of an
  explanation of insanity was reversible error.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 December 15, 1970, at Lansing. (Docket No. 6253.) Decided February 22, 1971. Leave to appeal denied May 12, 1971, 384 Mich 840.

Johnnie Ray Shuck was convicted of statutory rape and kidnapping. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*William C. Shedd,* for defendant on appeal.

Before: BRONSON, P. J., and R. B. BURNS and HOFF,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

---

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial §§ 661, 662.

PER CURIAM. Defendant was convicted by a jury in Genesee County Circuit Court for the crimes of statutory rape[1] and kidnapping.[2] The trial judge sentenced the defendant to life imprisonment on the rape conviction and 50 to 70 years imprisonment for the offense of kidnapping. This appeal is of right from the trial court's denial of defendant's motion for a new trial.

Defendant contends that the trial court committed reversible error by failing to instruct the jury that it could return a verdict of not guilty. The trial judge instructed the jury that, in addition to guilty of kidnapping, it could find the defendant either guilty of statutory rape, attempted rape, or guilty of indecent liberties. The trial judge then presented the following instruction to the jury:

*"I should tell you that you cannot,—I emphasize— you cannot find the defendant not guilty on a general issue.* However, you may, under the evidence, find him not guilty because of insanity, and in the event that you return such a verdict, you should specifically state to this court that you find him not guilty because of insanity.

*"A verdict of not guilty cannot be accepted by this court in the absence of the explanation of insanity."* (Emphasis added.)

The trial court's instruction, which precluded the jury from returning a general verdict of not guilty, constituted reversible error. *People* v. *Woody* (1968), 380 Mich 332; *Underwood* v. *People* (1875), 32 Mich 1; *People* v. *Deneweth* (1968), 14 Mich App 604; *People* v. *Thompson* (1971), 30 Mich App 142.

Reversed and remanded for a new trial.

[1] MCLA § 750.520 (Stat Ann 1954 Rev § 28.788).
[2] MCLA § 750.349 (Stat Ann 1954 Rev § 28.581).