PEOPLE v. THORPE

1. Criminal Law — Instructions to Jury — Preclusion — Not Guilty Verdict.

A jury instruction which precludes the jury from returning a verdict of not guilty is clearly reversible error.

2. Criminal Law—Instructions to Jury—Preclusion of Not Guilty Verdict—Supplemental Instructions to Jury.

An instruction to the jury that a split verdict does not exist in criminal cases, that the jurors could find defendant guilty only if each juror believed defendant guilty beyond a reasonable doubt, and that their decision must be guided by previous instructions did not constitute reversible error where the previous instructions referred to in the supplemental charge were adequate and correct, the additional charge was given only after the jury reported a split verdict, and the supplemental instruction was only a small portion of the total charge to the jury, because read as a whole, the instructions correctly stated the governing law.

Appeal from Recorder's Court of Detroit, John R. Murphy, J. Submitted Division 1 June 16, 1971, at Detroit. (Docket No. 10018.) Decided July 29, 1971.

Toby Thorpe was convicted of possession of narcotics. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial §§ 412, 413.
[2] 53 Am Jur, Trial §§ 803, 804.

Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Richard M. Lustig,* for defendant on appeal.

Before: T. M. BURNS, P. J., and HOLBROOK and McGREGOR, JJ.

PER CURIAM. The defendant was convicted by a jury of the crime of possession of narcotics (marijuana) contrary to MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123). The verdict was rendered on April 16, 1970, in Recorder's Court for the City of Detroit.

During the argument to the jury, the defense's theory of innocence was that defendant did not possess narcotics.

In the main charge, the court instructed the jury on a guilty and not guilty verdict based upon reasonable doubt; the presumption of innocence; and the jury's function in relation to the credibility of witnesses. The court before the conclusion of its charge delineated the jury's duty with regard to the facts. The defendant made no objections to these instructions and stated his satisfaction.

The jury then began their deliberations at 3:37 p.m. and at 4:37 p.m. entered the courtroom. At this time the foreman informed the court of its split verdict and the following colloquy ensued:

*"The Court:* Ladies and gentlemen of the jury, have you reached a verdict? If so, who shall speak for you?

*"The Foreman:* I will, and we have reached a verdict.

*"The Court:* What is the verdict?

*"The Foreman:* It is split.

*"The Court:* Go back to the jury room. Let me give you further instruction. There is no such thing

as a split verdict in a criminal trial. In order to convict, you, and each of you, must be convinced beyond a reasonable doubt of the defendant's guilt as I defined it to you. Back to the jury room for further deliberations." (*Whereupon the jury left the courtroom for further deliberations.*)

Subsequently on April 15, 1970, the jury was excused at 5:28 p.m. and then reassembled on April 16, 1970, when they deliberated until 10:05 a.m. and returned a verdict of guilty of possession of narcotics.

Defendant contends that the trial judge by the instruction quoted above prejudiced the defendant's right to a fair and impartial trial because the impression left with the jury was that they had to find defendant guilty.

Clearly, where the trial court's instruction precludes a jury from returning a verdict of not guilty, reversible error is committed. See *People* v. *Shuck* (1971), 31 Mich App 70.

Here, however, there is a different situation. The trial judge adequately instructed the jury in his main charge. It was only after the jury came out of deliberations to report that they had reached a split verdict that the trial judge stated to the jury that they could find defendant guilty only if each of the jurors believed defendant guilty beyond a reasonable doubt. In making this instruction, the trial judge informed the jury that they had to decide as explained to them previously.

As already pointed out, the original, previous charge was more than adequate.

Thus, the instruction complained of was only a small portion of the entire charge and was not reversible error.

" 'This court has repeatedly held that we must take the whole charge together in construing it, and

that its correctness cannot be tested by taking particular parts thereof.' *People* v. *Williams* (1919), 208 Mich 586, 591." *People* v. *Williams* (1970), 28 Mich App 486, 489.

Affirmed.