## PEOPLE v. WHISENANT

### OPINION OF THE COURT

1. CRIMINAL LAW—STATUTES—FEDERAL CRIME CONTROL ACT—VOLUNTARY CONFESSIONS—ADMISSIBILITY IN STATE COURTS.

The Federal Omnibus Crime Control and Safe Streets Act of 1968, which provides that only voluntary confessions of criminal defendants are to be admitted in evidence and that the trial judge in determining the issue of voluntariness shall consider all the circumstances surrounding the giving of the confession applies only to prosecutions in federal courts for federal crimes or to applications to federal courts for a writ of habeas corpus; therefore admission in evidence of defendant's confession at his trial in a state court for armed robbery was reversible error where the trial court did not advise the defendant before he confessed of his right to have counsel, retained or appointed, present during his in-custody interrogation (18 USCA § 3501).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  21 Am Jur 2d, Criminal Law § 15.
   29 Am Jur 2d, Evidence §§ 529, 531, 537, 542-554, 582, 587.
[2]  21 Am Jur 2d, Criminal Law §§ 555-557.
[3]  5 Am Jur 2d, Appeal and Error §§ 744, 749, 756.
[4]  21 Am Jur 2d, Criminal Law §§ 222, 314, 315.
[5-7]  21 Am Jur 2d, Criminal Law §§ 555-557.

2. CRIMINAL LAW—STATUTES—FEDERAL CRIME CONTROL ACT—VOLUN-
TARY CONFESSIONS—COMMON LAW.

The admissibility of confessions in criminal prosecution in state
courts is still governed by the decision of the United States
Supreme Court of June 13, 1966, relating to the rights of a
criminal defendant in the investigation of a crime, in the ab-
sence of any adjudication by that court regarding the effect
of the Federal Omnibus Crime Control and Safe Streets Act of
1968 on those rights (18 USCA § 3501).

3. APPEAL AND ERROR—REMAND—LAW OF THE CASE.

The last utterance of an appellate court determines the law of
a particular case, and upon remand of that case for another
trial subsequent to the appeal the trial court is bound to
follow the law as stated by the appellate court.

DISSENTING OPINION
QUINN, P. J.

4. CONSTITUTIONAL LAW—DUE PROCESS—CRIMINAL LAW—IN-CUS-
TODY INTERROGATION—RIGHT TO LEGAL COUNSEL.

*Due-process requirement that persons accused of crime be advised
that they have a right to legal counsel during in-custody inter-
rogation applies only to cases commenced after June 13, 1966.*

5. CRIMINAL LAW—EVIDENCE—CONFESSIONS—ADMISSIBILITY.

*A confession which was properly admitted in evidence at his first
trial for armed robbery, was also admissible at his retrial on
the same charge where the crime and the confession occurred
before June 13, 1966, even though the first trial took place
after that date.*

6. CRIMINAL LAW—CONSTITUTIONAL LAW—"TRIALS COMMENCED"—
"CASES COMMENCED".

*The phrases "trials commenced" and "cases commenced" are not
synonymous, and a decision of the Supreme Court of the United
States in which it is said that another decision should apply to
trials commenced and cases commenced after June 13, 1966,
presents an ambiguity in determining what cases it controls.*

7. CONSTITUTIONAL LAW—CRIMINAL LAW—CONFESSION—ADMISSIBIL-
ITY—ADVICE OF RIGHTS.

*Advice of rights prospectively required by a decision of the Su-
preme Court of the United States to be given a criminal suspect
before interrogation in order to make a subsequent confession
admissible should apply only to cases commenced after June 13,*

*1966, the date of decision, and not to cases commenced before that day but tried afterward, because the restrictions on police activity imposed by that decision apply to the investigatory and not to the prosecutorial process.*

Appeal from Kent, John H. Vander Wal, J. Submitted Division 3 April 9, 1969, at Grand Rapids. (Docket No. 6,239.) Decided August 28, 1969. Rehearing granted October 14, 1969.

Albert T. Whisenant was convicted of robbery armed. Defendant appeals. Reversed and remanded.

*Smith, Haughey & Rice (Thomas F. Blackwell, of counsel), for defendant.*

Before: QUINN, P. J., and HOLBROOK and T. M. BURNS, JJ.

HOLBROOK, J. Defendant was convicted in a jury trial of robbery armed* on June 27, 1966, in the Kent county circuit court and sentenced to a prison term of from 7–1/2 to 15 years. He appealed to this Court and we reversed, *People* v. *Whisenant* (1968), 11 Mich App 432, stating on p 437 as follows:

"The testimony taken at the *Walker* hearing held in the case at hand, although indicating a voluntary confession under former standards, does not demonstrate compliance with *Miranda,* [(1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974)], *i.e.,* nowhere does it appear that defendant was informed of his right to have counsel, retained or appointed, present during questioning and the giving of his statement. Merely informing defendant at the time of arrest that he had a right to counsel did not meet the requirements of *Miranda.*

---

* CLS 1961, § 750.529 (Stat Ann 1969 Cum Supp § 28.797).

"Because this Court is bound by the decision of the United States Supreme Court in *Miranda* v. *Arizona, supra,* we are required to hold the alleged confession inadmissible. It is unnecessary to consider defendant's second claimed point of error.

"Reversed and remanded for new trial."

Defendant on retrial was again convicted in a jury trial held on July 29 and 30, 1968. At this trial the confession was again admitted by the learned trial judge upon the premise that Title II of the Federal Omnibus Crime Control and Safe Streets Act of 1968 was controlling in determining due process in this case. That act was passed by Congress on June 19, 1968, and recited in part as follows:

"Title II—Admissibility of confessions, reviewability of admission in evidence of confessions in state cases, admissibility in evidence of eye witness testimony, and procedures in obtaining writs of habeas corpus.

"Sec. 701(a) Chapter 223, Title 18, United States Code [relating to witnesses and evidence], is amended by adding at the end thereof the following new sections:

" 'Sec. 3501. Admissibility of confessions

" '(a) In any criminal prosecution brought by the United States or by the District of Columbia, a confession, as defined in sub-section (e) hereof, shall be admissible in evidence if it is voluntarily given. Before such confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness. If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances.

" '(b) The trial judge in determining the issue of voluntariness shall take into consideration all the

circumstances surrounding the giving of the confession, including (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession.

" 'The presence or absence of any of the above-mentioned factors to be taken into consideration by the judge need not be conclusive on the issue of voluntariness of the confession.' "

The United States Law Week, Vol 36, No 50 commented on this act as far as Title II is concerned in the manner following:

"Title II of the act, if valid, overturns, in federal cases only, *Miranda* v. *Arizona* (1966), 384 US 436, (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974) and *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149). It also overturns *Mallory* v. *United States* (1957), 345 US 449 (77 S Ct 1356, 1 L Ed 2d 1479). The President, upon signing the act, commented that, regardless of Title II, federal practices 'in this field will continue to conform to the Constitution.' Moreover, he emphasized that federal criminal trials account for only 7 percent of the felony prosecutions in the country." (36 LW 1197)

The trial court applied Title II of this omnibus federal legislation to the case at bar on the strength of the phrase "admission in evidence of confessions

in state cases" which is found in the catchline of
Title II.   Under § 3501(b) the court then deter-
mined that this defendant had been granted all of
his constitutional rights, except that he had not been
advised prior to his confession that he had a right
to have counsel, retained or appointed, present at
any custodial interrogation.   The court recognized
that the defendant was without the assistance of
such counsel at the time he made the confession un-
der contest.   But under "all the circumstances sur-
rounding the giving of the confession," including
elements (1), (2), (3) and (4) of § 3501(b), the
defendant's confession was voluntary and admis-
sible into evidence.

In so holding the trial court ignored that the
obvious application of the 1968 federal statute was
to prosecutions in federal court for federal crimes
or to applications to federal court for a federal
writ of habeas corpus.

With reference to the language and the context
of the Federal Omnibus Crime Control and Safe
Streets Act of 1968, it is apparent that the catch-
line on which the trial court so heavily relied des-
ignates that the provisions of the act shall apply
only to the "reviewability of admission in evidence
of confessions in state cases;" and that this review
of state proceedings will occur in federal court only
upon application for habeas corpus brought in com-
pliance with the congressionally specified "proce-
dures in obtaining writs of habeas corpus."   Fur-
thermore, this catchline prefaces a section of Title
18 of the United States Code.   This title contains
exclusively the United States Criminal Code and,
in a supplement, the Federal Rules of Criminal
Procedure.

Subsections (a) and (c) of § 3501 both begin with
the limitation of their applicability to "any criminal

prosecution brought by the United States or by the District of Columbia." Additionally, subsection (c) makes express reference to arraignment before "a [United States] magistrate or other officer empowered to commit persons charged with offenses against the laws of the United States or of the District of Columbia."

Similar to the limitations in subsections (a) and (c) of § 3501 is that limitation at the beginning of § 3502. That section by its terms governs the admission of evidence "in a criminal prosecution in any trial court ordained and established under Article 3 of the Constitution of the United States."

This Court has ruled that *Miranda* v. *Arizona, supra,* is the law applicable to confessions in all criminal cases commencing in this State after June 13, 1966, in accord with *Johnson* v. *New Jersey* (1966), 384 US 719 (86 S Ct 1772, 16 L Ed 2d 882); *People* v. *Griffin* (1966), 4 Mich App 604. Also, see *People* v. *Fordyce* (1966), 378 Mich 208; *Windsor* v. *United States* (CA5, 1968), 389 F2d 530; and *Jenkins* v. *Delaware* (1969) 395 US 213 (89 S Ct 1677, 23 L Ed 2d 253). The effect of the Federal Omnibus Crime Control and Safe Streets Act of 1968 upon the requirements for admission of confessions in State courts as decided in *Miranda* v. *Arizona, supra,* under the Fifth and Fourteenth Amendments to the United States Constitution, has not been adjudicated as yet by the United States Supreme Court. We know of no power vested in the federal Congress to enlarge or diminish the constitutional rights of the people as they are interpreted by the judiciary. The power to interpret the Constitution is in the exclusive province of the judiciary. *Marbury* v. *Madison* (1803), 5 US (1 Cranch) 137 (2 L Ed 60).

It is fundamental law that the last utterance of an appellate court determines the law of the case, and upon remand for another trial subsequent to the appeal, the trial court is bound to follow the law as stated by an appellate court. If a litigant has any objection to the law as stated by the appellate court, his redress is an application for rehearing to the deciding court or an appeal to a still higher tribunal. *George* v. *Wayne Circuit Judge* (1953), 336 Mich 543; *Thompson* v. *Hurson* (1919), 206 Mich 139; *American Insurance Co. of Newark* v. *Martinek* (1921), 216 Mich 421; *Pierce* v. *Underwood* (1897), 112 Mich 186. In CL 1948, § 600.314, as amended by PA 1964, No 281 (Stat Ann 1969 Cum Supp § 27A.314) it is provided:

"(1) The decisions on appeal of the Court of Appeals are final, except as reviewed by the Supreme Court as provided by Supreme Court rule."

GCR 1963, 800.4 added October 9, 1964, effective January 1, 1965, provides:

"The decision of a majority of the judges of a Division or panel in attendance at the hearing shall constitute the decision of the Court. Decisions of the Court of Appeals are final except as reviewed by the Supreme Court on leave granted by the Supreme Court."

GCR 1963, 852.1(3) provides for appeals to the Supreme Court where "the subject matter of the appeal involves legal principles of major significance to the jurisprudence of the State."

Under the law as determined in *Miranda* v. *Arizona, supra,*[2] which we followed in *People* v. *Whisenant, supra,* and other applicable law as set forth herein, we are again constrained to reverse the conviction and remand for a new trial. We further or-

---

[2] This 5–4 United States Supreme Court decision is controlling.

der that on retrial the confession of the defendant
shall not be admitted.

T. M. Burns, J., concurred.

Quinn, P. J. (*dissenting*). I suppose what I am
about to write can aptly be termed an exercise in fu-
tility. It is contrary to what I agreed to in *People* v.
*Whisenant* (1968), 11 Mich App 432, and, prima facie,
contrary to the rule of *Johnson* v. *New Jersey* (1966),
384 US 719 (86 S Ct 1772, 16 L Ed 2d 882), as inter-
preted by *Jenkins* v. *Delaware* (1969), 395 US 213
(89 S Ct 1677, 23 L Ed 2d 253). I trust my sincerity
in expressing my dissent from the majority opinion
will be measured by the fact that in order to do so,
I must confess personal error in signing *Whisenant,
supra.*

In *Whisenant* revisited, I concur with the majority
that section 3501 of the crime control act of June 19,
1968 (Public Law 90–351, 82 Stat 210, 211, 18 USCA,
§ 3501) does not apply to state trials and does not
support the admission in evidence of Whisenant's
confession at his retrial.

If I still concurred with *People* v. *Whisenant*
(1968), 11 Mich App 432, I would agree with the
majority that the trial judge was bound by that deci-
sion and that it was error for him to admit Whisen-
ant's confession at a retrial. For reasons presently
to be expressed, I have concluded that Whisenant's
confession was admissible at his first trial and that
reversal of his conviction because the confession
was not obtained under *Miranda* standards was er-
roneous. If the confession was admissible at the first
trial, it was not error to admit it at the retrial.

February 2, 1966, defendant confessed. He was
convicted by a jury June 27, 1966. In *People* v.
*Whisenant* (1968), 11 Mich App 432, we reversed

that conviction, holding that Whisenant's confession was inadmissible because he was not advised of his right to have counsel, retained or appointed, present during interrogation. That decision was planted squarely on *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974) and gave no consideration to *Johnson* v. *New Jersey, supra.*

The latter case made the *Miranda* doctrine applicable to "trials commenced" and "cases commenced" after decision date of *Miranda* (June 13, 1966). It hardly seems necessary to cite authority for the proposition that "trials commenced" is not synonymous with "cases commenced," but lest there be doubt that this is true, reference is made to *Carpenter* v. *Winn* (1911), 221 US 533 (31 S Ct 683, 55 L Ed 842) and to *Post* v. *United States* (1896), 161 US 583 (16 S Ct 611, 40 L Ed 816) at the federal level, and to *Crane* v. *Reeder* (1874), 28 Mich 527, and *People* v. *Clement* (1888), 72 Mich 116, at the state level. In addition, the United States Supreme Court recognized the confusion created by this language variance by reviewing and deciding *Jenkins* v. *Delaware, supra.*

It is conceded that *Jenkins* contains language which supports the "trials commenced" language of *Johnson,* but I do not find *Jenkins* controlling in *Whisenant* for 4 reasons. First, the precise issue of *Whisenant* was not before the *Jenkins* court. In *Jenkins,* the question was whether the *Miranda* standards applied to a retrial of a defendant whose first trial was pre-*Miranda*. If the first trial was pre-*Miranda,* that case was necessarily commenced pre-*Miranda*. In the first *Whisenant* case, the issue was whether the *Miranda* standards applied to a case commenced pre-*Miranda* but the trial of which was post-*Miranda*.

Secondly, Jenkins was afforded a retrial for reasons unrelated to the admissibility of his incriminating statements.

Thirdly, the gratuitous statement in *Jenkins,* referring to *Johnson,* that

"But in an effort to extend the protection of *Miranda* to as many defendants as was consistent with society's legitimate concern that convictions already validly obtained not be needlessly aborted, we selected the commencement of the trial",

is not supported by the reasoning of *Johnson.*

Fourthly, the statement in *Jenkins* that

"Implicit in this choice was the assumption that, with few exceptions, the commission and investigation of a crime would be sufficiently proximate to the commencement of the defendant's trial that no undue burden would be imposed upon prosecuting authorities by requiring them to find evidentiary substitutes for statements obtained in violation of the constitutional protections afforded by *Miranda*",

is factually inaccurate, at least in Michigan.*

Returning to *Johnson* in an effort to resolve the ambiguity arising from the use of "trials commenced" and "cases commenced" as the starting point for the application of the *Miranda* doctrine, I find the answer to be in the reasoning used by the *Johnson* court to sustain its prospective application of *Miranda.* After explaining why some constitutional rules of criminal procedure should be ap-

---

* Annual Report of the Director of the Administrative Office of the United States Courts, table D6, p 270, indicates a median time lag from filing to disposition of criminal defendants in the Eastern District of Michigan of 19.5 months for court trial and 9.8 months for jury trial. The last available report (1967) from the Michigan Court Administrator indicates the mean statewide lag to be 4.8 months for court trial and 5.2 months for jury trial. Neither report reflects the time lag between investigation and the filing of charges.

plied retroactively and some prospectively, the court chose the latter application for *Miranda* because:

(a) "Law enforcement agencies fairly relied on these prior cases, now no longer binding, in obtaining incriminating statements during the intervening years preceding *Escobedo* and *Miranda.,*

\*          \*          \*

(b) "Future defendants will benefit fully from our new standards governing in-custody interrogation, while past defendants may still avail themselves of the voluntariness test.,

(c) "Law enforcement officers and trial courts will have fair notice that statements taken in violation of these standards may not be used against an accused.,

\*          \*          \*

(d) "Authorities attempting to protect the privilege have not been apprised heretofore of the specific safeguards which are now obligatory. Consequently they have adopted devices which, although below the constitutional minimum, were not intentional evasions of the requirements of the privilege."

To me, all of the assigned reasons for making the application of *Miranda* principles prospective relate to the investigatory process rather than to trial, and use of "cases commenced" prior to *Miranda* as the starting point for the application of *Miranda* seems more logical to me than "trials commenced".

For these reasons, I find our conclusion in *People v. Whisenant* (1968), 11 Mich App 432, erroneous and I vote to affirm this latest case of Whisenant.