PEOPLE *v.* WHISENANT

1. CRIMINAL LAW—CONSTITUTIONAL LAW—ACCUSED'S RIGHTS—PROCEDURAL SAFEGUARDS—APPLICATION.

Guidelines for the protection of an accused's constitutional rights set forth in a June 13, 1966 decision of the United States Supreme Court applied to defendant whose trial commenced after that decision date, even though law enforcement authorities at the time of taking defendant's confession had relied upon rules applicable before the decision.

2. COURTS—DECISIONS—TIME OF APPLICATION—DISCRETION.

A court which has enunciated a new legal principle in one of its decisions has the judicial prerogative and discretion of deciding the time when that new principle is to be controlling.

3. COURTS—DECISIONS—NEW PRINCIPLE—CONSTITUTIONAL LAW—ACCUSED'S RIGHTS—TIME OF APPLICATION.

A June 13, 1966 decision of the United States Supreme Court enunciating guidelines for the protection of an accused's constitutional rights applies to trials commenced after that decision date, the court having selected that date for the controlling application of this principle on the assumption that, with few exceptions, the commission and investigation of a crime would be sufficiently proximate to the commencement of a defendant's trial so that no undue burden would be imposed upon prosecuting authorities by requiring them to find evidentiary substitutes for statements obtained in violation of an accused's constitutional rights.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] Necessity of informing suspect of rights under privilege against self-incrimination, prior to police interrogation. 10 ALR3d 1054.

[2, 3] 20 Am Jur 2d, Courts § 236.

Prospective or retroactive operation of overruling decision. 10 ALR3d 1371.

Retroactive or merely prospective operation of new rule adopted by court in overruling precedent—federal cases. 14 L Ed 2d 992.

Appeal from Kent, John H. Vander Wal, J. Submitted Division 3 April 9, 1969, at Grand Rapids. (Docket No. 6,239.)   Decided August 28, 1969.   Rehearing granted October 14, 1969.   Decided February 4, 1970.   Leave to appeal granted April 23, 1970. 383 Mich 776.

Albert T. Whisenant was convicted of robbery armed.   Defendant appeals.   Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Wesley J. Nykamp,* Chief Appellate Attorney, for the people.

*Smith, Haughey & Rice* (*Thomas F. Blackwell,* of counsel), for defendant.

Before: Quinn, P. J., and Holbrook and T. M. Burns, JJ.

### On Rehearing

Holbrook, J.   This case is now before us for the third time; the first time, it was reported in 11 Mich App 432; the second time, in 19 Mich App 182 and, now, by reason of our order of October 14, 1969 granting a rehearing, it is considered in this opinion. The facts in the case are set forth in the two decisions of this Court set forth above.   We supplement the facts previously stated to include the following: The armed robbery alleged to have been committed by defendant occurred on December 21, 1965; on February 2, 1966 the police investigation led them to a suspect, the defendant herein; a complaint and warrant charging defendant with the crime was

issued on February 3, 1966. On February 18, 1966
the defendant was arraigned in circuit court having
previously waived preliminary examination. At the
arraignment by request of defendant the court ap-
pointed counsel for him and the matter was re-
manded for preliminary examination. As a result
of the preliminary examination defendant was bound
over to circuit court where he was again arraigned
on May 6, 1966. Trial was held the 27th day of
June and he was convicted. In this Court's first
two opinions, we felt bound by *Miranda* v. *Arizona*
(1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694,
10 ALR3d 974) as construed in the case of *Johnson*
v. *New Jersey* (1966), 384 US 719 (86 S Ct 1772,
16 L Ed 2d 882), and interpreted by our Supreme
Court in the case of *People* v. *Fordyce* (1966), 378
Mich 208, 211, 212 wherein the Court stated:

"On June 20, 1966, the Supreme Court of the
United States in the case of *Johnson* v. *New Jersey*
(1966), 384 US 719 (86 S Ct 1772, 16 L Ed 2d 882),
held that the guidelines set forth in *Miranda* are
available only *to persons whose trials had not begun
as of June 13, 1966*. Fordyce was tried in circuit
court for Ingham county by jury trial beginning
April 20, 1964. On April 23, 1964, the jury returned
a verdict of guilty.
"The Supreme Court of the United States stated
in *Johnson, supra* (p 731):
" 'Retroactive application of *Escobedo* and *Mi-
randa* would seriously disrupt the administration of
our criminal laws. It would require the retrial or
release of numerous prisoners found guilty by trust-
worthy evidence in conformity with previously
announced constitutional standards. Prior to *Esco-
bedo* and *Miranda,* few States were under any
enforced compulsion on account of local law to grant
requests for the assistance of counsel or to advise
accused persons of their privilege against self-
incrimination.' " (Emphasis supplied.)

On June 2, 1969 the United States Supreme Court decided the case of *Jenkins* v. *Delaware* (1969), 395 US 213 (89 S Ct 1677, 23 L Ed 2d 253), which reiterated the rule set down in *Johnson, supra,* that *Miranda, supra,* applied to defendants whose trials commenced after June 13, 1966. The following appears in the *Jenkins* opinion, p 259:

"Once the need is established for applying the principle prospectively, as the Supreme Court of New Jersey has pointed out, 'there is a large measure of judicial discretion involved in deciding * * * the time from which the new principle is to be deemed controlling.' *State* v. *Vigliano* (1967), 50 NJ 51, 65, 66 (232 A2d 129, 137). In our more recent decisions in this area, we have regarded as determinative the moment at which the discarded standards were first relied upon. See, *e.g., Desist* v. *United States* (1969), 394 US 244 (89 S Ct 1030, 22 L Ed 2d 248); *Stovall* v. *Denno* ([1967] 388 US 293 [87 S Ct 1967, 18 L Ed 2d 1199]). The point of reliance is critical, not because of any constitutional compulsion, but because it determines the impact that newly articulated constitutional principles will have upon convictions obtained pursuant to investigatory and prosecutorial practices not previously proscribed. See *Johnson* v. *New Jersey, supra,* at 733 (86 S Ct at 1781, 16 L Ed 2d at 892). See generally, Schaefer, *The Control of 'Sunbursts': Techniques of Prospective Overruling,* 42 NYUL Rev 631 (1967)."

It appears without question that the authorities at the time of the taking of the confession from the defendant Whisenant relied upon the rules applicable before the *Miranda* decision for it occurred in February 1966, whereas the *Miranda* decision was decided in June of 1966.

Notwithstanding the fact that there is a large measure of judicial discretion involved in deciding

the time from which a new principle of law is to be deemed controlling we concluded that at the time of our most recent decision* to be bound by the law as stated in *People* v. *Fordyce, supra.*

On August 4, 1969 (published August 29, 1969), our Supreme Court decided the case of *People* v. *Woods* (1969), 382 Mich 128, which involved the question whether *Miranda, supra,* applied to defendant's post-*Miranda* retrial of defendant's 1961 trial. On pp 138 and 139 of the opinion it is stated as follows:

"We align our judgment with those of the State courts which view *Miranda* as applying only to *prosecutions commenced* after *Miranda* became prospectively effective." (Emphasis supplied.)

It would seem that our Supreme Court has now interpreted the effective date of *Miranda, supra,* as applying only to prosecutions commenced after June 13, 1966, but for the addendum to the opinion, which states:

"As shown by footnote 4 *ante,* the foregoing opinion was delivered to the other Justices for their consideration on February 14 last. No other opinion of the defendant's appeal has since been written. Now that the Supreme Court has decided *Jenkins* v. *Delaware* (1969), 395 US 213 (89 S Ct 1677, 23 L Ed 2d 253), (the pendency of which we noted above at 138), by ruling as we have ruled that *Miranda* does not apply to the retrial of a defendant *whose first trial commenced prior to June 13, 1966,* there is no need for withholding any longer a report of our decision." (Emphasis supplied.)

We also conclude that the "large measure of judicial discretion in deciding * * * the time from

---

* *People* v. *Whisenant* (1969), 19 Mich App 182; *People* v. *Whisenant,* 11 Mich App 432.

which the new principle (*Miranda*) is to be deemed controlling" is first and finally within the prerogative of the United States Supreme Court as is evidenced by the language used in the prevailing opinion in *Jenkins* v. *Delaware, supra,* pp 259, 260 as follows:

"In *Johnson,* after considering the need to avoid unreasonably disrupting the administration of our criminal laws, *we selected the commencement of trial* as determinative. We of course could have applied *Miranda* to all judgments not yet final, although they were obtained in good-faith reliance upon constitutional standards then applicable. See *Linkletter* v. *Walker* (1965), 318 US 618 (85 S Ct 1731, 14 L Ed 2d 601). As we pointed out, however, that choice 'would [have] impos[ed] an unjustifiable burden on the administration of justice.' 384 US, at 733 (86 S Ct at 1781, 16 L Ed 2d at 892). On the other hand, we could have adopted the approach we took in *Stovall* and *Desist* and made the point of initial reliance, the moment the defendant is interrogated, the operative event. See Schaefer, *supra,* p 646. But in an effort to extend the protection of *Miranda* to as many defendants as was consistent with society's legitimate concern that convictions already validly obtained not be needlessly aborted, we selected the commencement of the trial. Implicit in this choice was the assumption that, with few exceptions, the commission and investigation of a crime would be sufficiently proximate to the commencement of the defendant's trial that no undue burden would be imposed upon prosecuting authorities by requiring them to find evidentiary substitutes for statements obtained in violation of the constitutional protections afforded by *Miranda.*" (Emphasis supplied.)

Because we read *Jenkins* v. *Delaware, supra,* as clearly stating that *Miranda* shall apply to defendants whose trials commenced after June 13, 1966, and *People* v. *Woods, supra,* is inconclusive by rea-

son of the language used in the addendum, we are constrained to adhere to our prior decision and reverse the conviction and remand for a new trial with the same instructions.

T. M. BURNS, J., concurred.

QUINN, P. J. (*dissenting*). For the reasons expressed in my dissent in *People* v. *Whisenant* (1969), 19 Mich App 182, I dissent from the majority opinion on rehearing. I would affirm the conviction.