# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

THOMAS WILLIAM WOOTEN,

Defendant-Appellant.

UNPUBLISHED
June 12, 2018

No. 335860
Macomb Circuit Court
LC No. 2013-003648-FC

Before: SAWYER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

In 2014, a jury convicted defendant of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a), and use of a computer to commit a crime, MCL 752.796. In April 2014, the trial court sentenced defendant to prison terms of 25 to 50 years for the CSC-I conviction and 160 months to 20 years for the unlawful use of a computer conviction, to be served consecutively with each other and also consecutive to sentences defendant was serving for related federal convictions. In a prior appeal, this Court affirmed defendant's convictions and also affirmed his sentence for CSC-I, but vacated his sentence for unlawful use of a computer and remanded for resentencing on that offense. *People v Wooten*, unpublished per curiam opinion of the Court of Appeals, issued October 29, 2015 (Docket No. 321600) ("*Wooten I*"). On remand, the trial court resentenced defendant to a prison term of 72 months to 20 years for the unlawful use of a computer conviction, and again ordered the sentence to be served consecutive to both the CSC-I sentence and the federal sentences. Defendant again appeals as of right. We affirm defendant's sentence, but remand for amendment of the judgment to sentence to reflect an assessment of attorney fees in the amount of $5,820, and, if necessary, modification of the imposed late fees consistent with that amount.

This Court summarized the relevant facts in *Wooten I* as follows:

Defendant was charged with CSC I for having his daughter perform oral sex on him in the bathroom of their home. The offense was recorded on a "smart" telephone and a male could be heard instructing the child while performing the act. Defendant's face did not appear in the recording and he could not be identified based on the body parts that were visible in the video, however witnesses identified defendant by his voice on the recording. Defendant was also charged with using a computer to commit a crime, namely, production of child sexually abusive material. That charge was based on defendant's use of the smart

-1-

phone to record the child performing oral sex. The prosecution also offered evidence of still photographs that defendant took of the child, which he posted to a website in order to gain access to additional child pornography, as well as other photographs and recordings of child pornography that defendant had downloaded from the Internet.

The Federal Bureau of Investigations (FBI) initially started an investigation when agents in other states discovered that photographs of defendant's daughter had been uploaded to a website, and that activity was traced to the home that defendant shared with a roommate in Macomb Township. The FBI and local police agencies executed a search warrant at the house, which led to the discovery of the smart phone video of the child performing oral sex on an adult male penis. Defendant was questioned by authorities and admitted to downloading images from the Internet, and agents recovered a thumb drive that was hidden in defendant's bedroom that contained more than 1,500 images and 200 recordings of child sexually abusive material. The smart phone recording was not discovered until after the police concluded their questioning of defendant, therefore defendant was not questioned about the video recording. Because the male person in the smart phone recording was not visible, this case focused on the identification of that individual. The prosecution relied primarily on witnesses familiar with defendant to identify him by his voice on the recording. The defense conceded that defendant was involved in viewing child pornography, however argued that he was not involved with the video recording found on his telephone. [*Wooten I*, unpub op at 1.]

In *Wooten I*, this Court affirmed defendant's convictions, rejecting his arguments that the evidence was insufficient to support the convictions, and that the convictions were against the great weight of the evidence. *Id*. at 2-3. This Court also affirmed the trial court's decision to order defendant's sentences to run consecutive to each other and consecutive to the federal sentences defendant was already serving. *Id*. at 3-5. However, this Court noted that the sentencing guidelines were only scored for defendant's CSC-I conviction, although the trial court was required to separately score the guidelines for the unlawful use of a computer conviction because a consecutive sentence was authorized by MCL 750.520b(3). *Id*. at 8. Therefore, this Court remanded the case to the trial court for resentencing on that offense alone. *Id*.

On remand, the trial court resentenced defendant to a prison term of 72 months to 20 years for the use of a computer to commit a crime conviction, which was at the low end of the sentencing guidelines recommended minimum sentence range, but again ordered the sentence to be served consecutive to both defendant's CSC-I sentence and his federal sentences.

I. CONSECUTIVE SENTENCING

Defendant raises several issues relating to the trial court's decision to order his sentence for using a computer to commit a crime to be served consecutive to both his CSC-I sentence and his federal sentences. A trial court's decisions regarding discretionary consecutive sentencing are reviewed for an abuse of discretion. *People v Norfleet*, 317 Mich App 649, 664; 897 NW2d 195 (2016). However, questions of law, including whether a trial court has authority to impose

consecutive sentences, are reviewed de novo. *People v Sierb*, 456 Mich 519, 522; 581 NW2d 219 (1998). Whether the law of the case doctrine applies to some of defendant's claims is also reviewed de novo as a question of law. *Duncan v Michigan*, 300 Mich App 176, 188; 832 NW2d 761 (2013).

## A. AUTHORITY TO IMPOSE CONSECUTIVE SENTENCES

Defendant argues that the trial court lacked the authority to order his state sentences for CSC-I and using a computer to commit a crime to run consecutive to his federal sentences. Defendant was convicted of six federal crimes involving offenses for production of child pornography, 18 USC 2251, distribution of child pornography, 18 USC 2252A(a)(2) and (b)(1), receipt of child pornography, 18 USC 2252A(a)(2) and (b)(1), and possession of child pornography, 18 USC 2252A(a)(2) and (b)(2). The federal court ordered defendant to serve concurrent prison terms, the longest being for 30 years.

Preliminarily, in *Wooten I*, this Court affirmed defendant's sentence for CSC-I, including the trial court's decision to order the CSC-I sentence to be served consecutive to defendant's federal sentences. Consequently, this Court's decision in *Wooten I* established the law of the case with respect to the propriety of consecutive sentencing as between the CSC-I sentence and defendant's federal sentences. Indeed, the trial court did not revisit defendant's CSC-I sentence on remand. Accordingly, that issue may not be decided differently in this appeal. As explained in *People v Blue*, 178 Mich App 537, 539; 444 NW2d 226 (1989):

> It is fundamental law that the last utterance of an appellate court determines the law of the case. *People v Whisenant*, 19 Mich App 182, 189; 172 NW2d 524 (1969). It is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning. *People v Bellanca*, 43 Mich App 577, 579; 204 NW2d 547 (1972), lv den 389 Mich 753 (1972).

Further, contrary to what defendant argues, this Court also addressed and resolved in *Wooten I* the issue whether the trial court had the authority to order both of his sentences in this case to run consecutive to each other and consecutive to his federal sentences. This Court stated:

> Defendant argues that the trial court lacked the legal authority to order his sentences to be served consecutive to each other, and consecutive to his federal sentences. We disagree.

> "A consecutive sentence may be imposed only if specifically authorized by statute." *People v Lee*, 233 Mich App 403, 405; 592 NW2d 779 (1999). Whether consecutive sentencing is authorized is a question of law, which this Court reviews de novo. *Id*.; see also *People v Denio*, 454 Mich 691, 698; 564 NW2d 13 (1997) (issues of statutory interpretation are reviewed de novo).

> Defendant first argues that MCL 750.520b(3) did not authorize the trial court to order his sentences for CSC I and unlawful use of a computer to be served consecutively. MCL 750.520b(3) provides:

The court may order a term of imprisonment imposed under this section to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction.

Defendant argues that his conviction for unlawful use of a computer did not arise from the same transaction as the CSC I offense. The basis for defendant's argument is that there was no evidence that he sent the video recording to someone else. As previously discussed, defendant's conviction for unlawful use of a computer did not require that the video be sent to or shared with another person. To be authorized to impose consecutive sentences under MCL 750.520b(3), it was only necessary that the two crimes arise from the same transaction. In *People v Ryan*, 295 Mich App 388, 402-403; 819 NW2d 55 (2012), this Court explained:

> The term "same transaction" is not statutorily defined; however, it has developed a unique legal meaning. Accordingly, it is appropriate to examine judicial interpretations of the terminology. *Flick*, 487 Mich at 11; *McCormick*, 487 Mich at 192; *Powell*, 280 Mich at 703. Two or more separate criminal offenses can occur within the "same transaction." *People v Nutt*, 469 Mich 565, 578 n 15; 677 NW2d 1 (2004) (" 'It is not of unfrequent occurrence, that the same individual, at the same time, and in the same transaction, commits two or more distinct crimes . . .' ") (citation omitted). To find otherwise would be nonsensical, as consecutive sentencing provisions such as MCL 750.520b(3), MCL 750.110a(8), and MCL 750.529a(3) would be rendered meaningless. In the double-jeopardy context, our Supreme Court in *People v Sturgis*, 427 Mich 392, 401; 397 NW2d 783 (1986), alluding to the same-transaction test, stated that the test in part required the joining of charges that "grew out of a continuous time sequence." Although *Nutt*, 469 Mich at 568, subsequently rejected the same-transaction test in favor of the same-elements test for purposes of defining the term "same offense" in our Constitution as part of a double-jeopardy analysis, the *Sturgis* Court's definition that touched on the meaning of "same transaction" remains viable and useful in the context of simply defining the term "same offense."

> Additionally, in *People v Johnson*, 474 Mich 96; 712 NW2d 703 (2006), the Court construed analogous statutory language that concerned acts "arising out of the sentencing offense," as that phrase is used in MCL 777.41(2)(a). MCL 777.41 governs the scoring of OV-11 under the legislative sentencing guidelines. The *Johnson* Court held:

"[W]e have previously defined 'arising out of' to suggest a causal connection between two events of a sort that is more than incidental. We continue to believe that this sets forth the most reasonable definition of 'arising out of.' Something that 'aris[es] out of,' or springs from or results from something else, has a connective relationship, a cause and effect relationship, of more than an incidental sort with the event out of which it has arisen. [*Johnson*, 474 Mich at 101.]"

The evidence showed that defendant used a computer (i.e., his smart phone) to video record his daughter performing an act of first-degree CSC. This evidence clearly demonstrates that defendant's use of a computer arose from the same transaction that involved his commission of CSC I. Accordingly, the trial court was authorized to impose consecutive sentences under MCL 750.520b(3).

*Defendant also argues that the trial court erred in ordering his sentences in this case run consecutive to his federal sentences.* The trial court also relied on MCL 750.520b(3) as authority for ordering consecutive sentences. The federal sentences were based on convictions arising from defendant's posting of photos of his daughter on a pornographic website. The evidence indicated that defendant posted the photos of his daughter to a website to gain access to other child pornography online. In the email that included the attachments of his daughter's photos, defendant stated that he would "like to trade," that he has "a three year old that loves the cam," that he "takes requests," and that he would love to "share private pics." This evidence demonstrates a connective relationship between defendant's video recording of his daughter's sexual act and the other photographs of his daughter. *Accordingly, the trial court did not err in ordering that both sentences in this case run consecutive to defendant's federal sentences.* [*Wooten I*, unpub op at 4-5 (emphasis added).]

This Court's determination in *Wooten I* that the trial court was authorized to impose consecutive sentences and did not err by ordering "that both sentences in this case run consecutive to defendant's federal sentence" is binding under the law of the case doctrine. See *Blue*, 178 Mich App at 539. Although the law-of-the-case doctrine is not inflexible, we are not persuaded that refusal to apply the doctrine in this case is justified to avoid an injustice or because of an intervening change in the law. See *People v Phillips (After Second Remand)*, 227 Mich App 28, 33; 575 NW2d 784 (1997).

B. DISCRETIONARY DECISION TO IMPOSE A CONSECUTIVE SENTENCE

Defendant argues that even if the trial court had the authority to impose a consecutive sentence, the decision to do so remained discretionary with the trial court and the court abused its discretion by imposing a consecutive sentence on the basis of inaccurate information provided by the prosecutor at the time of resentencing. Although this Court previously recognized the trial court's authority to impose consecutive sentences, it remanded the case for resentencing with respect to the conviction for using a computer to commit a crime because the trial court had not scored the guidelines for that offense. This placed the case "in a presentence posture," allowing

objections to any part of the new sentence, including whether to again impose a consecutive sentence. See *People v Rosenberg*, 477 Mich 1076; 729 NW2d 222 (2007).

Defendant correctly observes that a defendant is entitled to be sentenced on the basis of accurate information, see MCL 769.34(10), and that resentencing is warranted when a trial court's sentence is based on inaccurate information or a misunderstanding of the applicable law. *People v Francisco*, 474 Mich 82, 88-91; 711 NW2d 44 (2006). Defendant argues that the trial court's decision to order his sentence for unlawful use of a computer to be served consecutive to his other sentences was based on the prosecutor's inaccurate statement that if defendant had been sentenced first in state court, the federal court would have been required to order consecutive sentencing.

Defendant engages in a lengthy discussion of federal law to argue that consecutive sentencing would not have been mandatory under federal law had he been convicted in state court first. Regardless of the accuracy of defendant's argument, defendant has not demonstrated that it provides a basis for resentencing. First, the prosecutor's argument was based on a hypothetical scenario that the parties and the trial court were all aware was not applicable to this case. Second, the record clearly demonstrates that the trial court understood that its decision whether to impose a consecutive sentence was discretionary. Indeed, the prosecutor mentioned at least twice during sentencing that consecutive sentencing was discretionary with the trial court, and the trial court invited both parties to present their views on whether it should impose a concurrent or consecutive sentence. Third, although the trial court proceeded to impose a consecutive sentence shortly after the prosecutor made her argument, it did so only because the parties had finished addressing the court and it was time to impose sentence. The trial court never manifested any adoption of or agreement with the prosecutor's statements. Under these circumstances, defendant has not demonstrated that the trial court's decision to impose a consecutive sentence was based on any misunderstanding or misconception of the law.

## C. ARTICULATION

Relying on *Norfleet*, 317 Mich App 649, defendant argues that the trial court failed to articulate reasons for its decision to again impose a consecutive sentence. In *Norfleet*, this Court held that "a trial court may not impose multiple consecutive sentences as a single act of discretion nor explain them as such." *Id.* at 665. Rather, "[t]he decision regarding each consecutive sentence is its own discretionary act and must be separately justified on the record." *Id*. Thus, "trial courts must . . . articulate their rationale for the imposition of each consecutive sentence so as to allow appellate review." *Id*.

Unlike in *Norfleet*, the trial court in this case was not imposing multiple consecutive sentences at one sentencing. Defendant's federal sentences had already been imposed and this Court had already affirmed defendant's CSC-I sentence in *Wooten I*. The trial court was sentencing defendant only for his conviction of using a computer to commit a crime. Therefore, the trial court was required to articulate its rationale only for the imposition of that sentence. In imposing sentence, in addition to referring to the general factors of disciplining defendant, protection of society, potential for reformation, and deterrence of others, the trial court referenced the sentencing guidelines and stated that it was sentencing defendant at the low end of the guidelines. A trial court's expressed reliance on the sentencing guidelines is sufficient to

satisfy the articulation requirement. *People v Conley*, 270 Mich App 301, 313; 715 NW2d 377 (2006).

To the extent defendant argues that the trial court's explanation failed to justify the proportionality of the resultant sentence, the court's reliance on the sentencing guidelines was sufficient to justify the sentence, given that a sentence within the guidelines range is presumptively proportionate. *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). Moreover, a sentence within the guidelines range must be affirmed absent a scoring error or reliance on inaccurate information. MCL 769.34(10); *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016). Defendant does not allege a scoring error and has not established that the trial court's relied on inaccurate information in imposing sentence.

Defendant seems to suggest that, under *Norfleet*, the trial court was also required to justify the decision to impose consecutive sentences, that is, explain why the combined terms of defendant's consecutive sentences resulted in proportionate sentences. In *Norfleet*, however, this Court noted that "the combined term [of consecutive sentences] is not itself subject to a proportionality review[.]" *Norfleet*, 317 Mich App at 664. The trial court is only required to make "a discretionary decision . . . as to each sentence and not to them all as a group." *Id.* at 665. In this case, whether to impose a concurrent or consecutive sentence was a central theme of sentencing. It was the focus of defense counsel's remarks, and the trial court interrupted the prosecutor's remarks to specifically request that the prosecutor address the issue whether to impose a consecutive or concurrent sentence. The prosecutor requested a consecutive sentence and also requested that the court again impose the maximum sentence of 160 to 240 months. The trial court resentenced defendant to a reduced term of 72 to 240 months, which was at the low end of the sentencing guidelines range, but ordered the sentence to be served consecutive to defendant's CSC-I sentence and his federal sentences. It is apparent that the trial court exercised its discretion to continue to impose a consecutive sentence, but at a substantially reduced term to alleviate the effect of consecutive sentencing. Defendant has not demonstrated that the court abused its discretion.

## D. DOUBLE JEOPARDY

Although conceding that the validity of his convictions for CSC-I and using a computer to commit a crime are outside the scope[1] of this appeal, defendant argues that he should be permitted to "[c]halleg[e] the validity of multiple punishments in the form of consecutive sentencing for the same offense" on double jeopardy grounds. The legal premise of defendant's argument is that his state convictions are for the "same offense" as one of his federal convictions, and therefore, his consecutive sentences for those offenses violate the double jeopardy protection against successive prosecutions or multiple punishments for the same offense. As defendant

---

[1] See *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975) (the scope of an appeal after a case has been remanded is limited by the scope of the remand), and *People v Kincade (On Remand)*, 206 Mich App 477, 481; 522 NW2d 880 (1994) ("where an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of the remand, lies from the decision on remand").

acknowledges, however, in *People v Davis*, 472 Mich 156, 168; 695 NW2d 45 (2005), our Supreme Court, relying on *Heath v Alabama*, 474 US 82; 106 S Ct 433; 88 L Ed 2d 387 (1985), held that the dual-sovereignty doctrine allows an act denounced as a crime by two sovereigns to be prosecuted and punished by both of them because they are separate sovereigns deriving their authority to punish from distinct sources of power. Although defendant contends that *Davis* was wrongly decided, and that the United States Supreme Court is poised to revisit the "dual sovereignty" issue, he acknowledges that "[u]nder the current state of the law, this [issue] does not constitute a double jeopardy violation." Accordingly, defendant is not entitled to relief with respect to this issue.

## II. LATE FEES

Defendant also challenges the trial court's imposition of a 20-percent late fee on previously imposed fines, fees, and costs, pursuant to MCL 600.4803(1). Defendant argues that the imposition of a late fee on indigent incarcerated offenders violates the Due Process and the Equal Protection Clauses of the federal and state constitutions, US Const, Ams V, XIV; Const 1963, art 1, § 17. This Court recently considered and rejected similar constitutional challenges to late fees imposed under MCL 600.4803(1). *People v Shenoskey*, 320 Mich App 80, 86-87; 903 NW2d 212 (2017). Accordingly, on the authority of *Shenoskey*, we reject this claim of error.

## III. ATTORNEY FEES

Defendant also challenges the trial court's assessment of attorney fees in the amount of $6,454.80. Because defendant did not challenge the trial court's assessment of attorney fees at either his original or resentencing hearings, this issue is unpreserved. See *People v Konopka*, 309 Mich App 345, 356; 869 NW2d 651 (2015). Therefore, we review the issue for plain error. *Id.* An error is plain if it is clear or obvious. *People v Jones*, 468 Mich 345, 355; 662 NW2d 376 (2003).

In the original judgment of sentence, the trial court assessed attorney fees in the amount of $5,820, pursuant to MCL 769.1k(1)(b)(*iv*). Defendant did not challenge that assessment in his prior appeal. When defendant was resentenced, the trial court did not address on the record any fees, fines, or costs when imposing sentence. In the judgment of sentence issued after resentencing, however, the court increased the amount of attorney fees to $6,454.80. Plaintiff concedes that there is nothing in the record to justify the increased amount of attorney fees, and that the original amount of $5,820 should be reinstated. Accordingly, we remand for amendment of the judgment of sentence to reinstate the original assessment of $5,820. To the extent that any late fees were based on the increased amount, the court's assessment of late fees shall also be modified consistent with the original assessment of $5,820 for attorney fees.

To the extent that defendant is also challenging the trial court's original assessment of $5,820 for attorney fees, we conclude that this issue is not properly before us. Because defendant did not challenge the portion of the judgment of sentence assessing attorney fees of $5,820 in his original appeal, and this Court remanded for the limited purpose of resentencing on the offense of use of a computer to commit a crime, any challenge to the original assessment of $5,820 was outside the scope of the remand proceedings and is beyond the scope of this appeal.

Affirmed in part and remanded for amendment of the judgment of sentence consistent with this opinion. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood